THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* THOMAS J. CLOUGHER, Appellant.

Crimes — officers — receiving gratuity for doing or omitting to do official act — bribery — accomplice — question for jury whether witness is accomplice where different inferences may be drawn from facts — sufficiency of evidence to sustain conviction for taking gratuity in violation of section 1826 of Penal Law — conviction for bribery under section 372 also proper.

1. One can be considered an accomplice as matter of law only when he can be prosecuted as a principal at common law. He must be shown to have counseled, induced or encouraged the crime. When questions of fact arise whether a witness has done any of those things and different inferences can be drawn from such facts, it is the jury not the court that must determine.

2. Where, upon trial of an indictment charging defendant with receiving a gratuity in violation of section 1826 and with bribery in violation of section 372 of the Penal Law, by no possibility could the evidence sustain a finding that a certain witness counseled or induced the commission of the crime or commanded or procured it and the evidence as to whether she aided or abetted it is conflicting, the question whether she so became an accomplice was properly left to the jury.

3. Section 1826 of the Penal Law, which provides that any person employed by or in the office of a public officer who receives or agrees to receive any money for doing or omitting to do any official act is guilty of a felony, includes all public functionaries and an agreement to take something for performing or omitting to perfom some discretionary act to which he has some actual relation by virtue of his

employment is enough to constitute the crime. Proof, therefore, that defendant was secretary to the health commissioner and, by implication allowing only one reasonable inference, that he caused the assistant secretary to procure the commissioner's approval to the issue of a temporary permit for the admission of cream from a foreign state and omitted to remind the commissioner, as was his duty, of the continued existence of the permit, and that he accepted money for these acts and omissions, was sufficient to sustain a finding that defendant had violated the section as alleged in the indictment.

4. Defendant was also properly convicted under section 372 of the Penal Law. The jury found upon evidence from which the conclusion reasonably follows that he accepted a bribe and previously agreed to accept it upon the understanding that his opinion and action should thereby be influenced. Under section 372 such an agreement and the receipt of money together constitute a single crime. When any person, who executes any of the functions of a public office not explicitly pointed out in article 170, makes an agreement by which his opinion is to be influenced for a consideration, he violates section 372.

*People* v. *Clougher,* 220 App. Div. 712, affirmed.

(Argued June 15, 1927; decided July 20, 1927.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered April 22, 1927, which affirmed a judgment of the Bronx County Court, rendered upon a verdict convicting the defendant of the crimes of taking unlawful fees and of bribery.

*James C. Van Siclen, Henry Vollmer, Jr.,* and *George C. Wildermuth* for appellant. The witness Sprey, upon whose testimony the People rely for corroboration, is an accomplice as a matter of law. (*People* v. *O'Farrell,* 175 N. Y. 323; *People* v. *Cohen,* 223 N. Y. 406; *People* v. *Hayes,* 210 App. Div. 549; *People* v. *Doyle,* 107 Misc. Rep. 268; *People* v. *Grossman,* 241 N. Y. 138; *People* v. *Youlio,* 214 App. Div. 793.)

*John E. McGeehan, District Attorney (George B. De Luca, Israel J. P. Adlerman* and *Herman J. Fliederblum* of counsel), for respondent. The evidence shows that the defendant violated section 372 of the Penal Law.

(*People* v. *Jaehne,* 103 N. Y. 182; *People* v. *O' Neill,* 109 N. Y. 251; *People* v. *Willis,* 24 Misc. Rep. 537; *People* v. *Bissert,* 71 App. Div. 118; *People* v. *Duffy,* 212 N. Y. 57; *People* v. *Salomon,* 212 N. Y. 446; *People* v. *Hyde,* 156 App. Div. 618; *People* v. *Cummins,* 209 N. Y. 283; *People* v. *Dimick,* 107 N. Y. 13; *People* v. *Davis,* 56 N. Y. 95; *Hope* v. *People,* 83 N. Y. 418.) The witness Helen Sprey was not an accomplice as a matter of law or fact. (*People* v. *McGonegal,* 136 N. Y. 62; *Bird* v. *United States,* 187 U. S. 118; *People* v. *McGuire,* 135 N. Y. 639; *People* v. *Swersky,* 216 N. Y. 471; *People* v. *Cohen,* 223 N. Y. 406; *People* v. *Wood,* 93 Misc. Rep. 701; *People* v. *Youlio,* 214 App. Div. 793.)

O'BRIEN, J. Defendant, a public servant with many of the indicia of a public officer, was indicted in two counts, one for receiving a gratuity as forbidden in section 1826 of the Penal Law and another for taking a bribe upon an agreement that his opinion, judgment and action should be influenced thereby as prohibited in section 372 of the Penal Law. He was found guilty under both counts and sentenced under one. The agreement and the receipt of money were so proved that, under the court's charge respecting the meaning of these two sections of the Penal Law, the jury could not reasonably entertain any doubt concerning defendant's guilt of the crimes alleged in the indictment.

The prosecution resulted from circumstances surrounding the issue of a temporary permit by the commissioner of health of the city of New York in August, 1924, for the admission into that city of cream from dairies in Wisconsin. In May or June, 1923, and succeeding months, representatives of Nestles Food Company and its subsidiaries, which owned numerous dairies in that State, visited the health department for the purpose of obtaining permission to market their products in New York city. Among the officials whom they met was

defendant, who was secretary to the health commissioner. Shortly after their first visit, the Nestles Company made a contract with a man named Danziger by which he was to receive one dollar per can for each can of cream shipped into New York by that company and sold by him. In the summer of 1923 Danziger showed his contract to defendant who put it in his pocket and kept it. Between that time and August, 1924, when the permit was issued for the admission of Wisconsin cream, Danziger had no fewer than fifty conversations with defendant on the subject of admitting such cream. Defendant assured him, "I will take care of it and put it over;" "I will take care of it, just leave it to me." These conversations occurred at defendant's home, at his office, at restaurants, hotels, road houses, a golf club and on automobile rides. Defendant advised the health commissioner that western cream was a necessity and he became known throughout the department as an ardent advocate of its admission. In August, 1924, the commissioner's assistant secretary, a subordinate to defendant, a guest with him and Danziger at half a dozen of their conferences, his intimate friend and later his business partner, telephoned the commissioner, then on vacation, that there was a stringency in the market for cream and that the admission of western cream should be approved. The commissioner, accepting the statement of fact concerning stringency in the cream market, gave his approval for temporary admission. Cream was no scarcer then than at the corresponding season in any other year but defendant assured the commissioner to the contrary on his return from his vacation. This temporary permit never was revoked during that administration nor did defendant, as secretary, ever call the commissioner's attention to its continuance. When Danziger received his first check as commission from the Nestles Company, he gave ninety per cent of its amount to defendant. The same thing happened upon the receipt of each succeeding check. The total

# 110 PEOPLE v. CLOUGHER.

sum paid by Danziger to defendant was approximately $90,000. The specific transaction upon which the indictment is based is the receipt by defendant in Bronx county of $1,080 on January 19, 1925.

No evidence was offered by defendant, no fact controverted except by cross-examination and, consequently, nothing remained for the jury except the function of testing the credibility of the People's witnesses. The finding concerning the existence of an agreement whereby defendant promised to assist in the admission of the Nestles products and the receipt of money by him in pursuance of such understanding is fully supported by the evidence. Many exceptions were taken. All have been carefully considered but none require discussion except that relating to the question whether a witness named Sprey was an accomplice and those relating to the court's interpretation of sections 1826 and 372 of the Penal Law.

The corrupt agreement and the receipt of money by defendant were proved by Danziger, an accomplice. Defendant's official position, his zealous espousal of the cause of western cream, his relations with the assistant secretary, the message to the absent commissioner, the approval of the temporary permit, its continued existence, the presence of Danziger in defendant's home and their joint inspection of milk depots were proved by officers and employees of the health department who were in no way implicated in the crimes. However, the main corroboration of Danziger, the accomplice, rests upon the testimony of Helen Sprey. It was her corroboration more than any other that tended to connect defendant with the commission of the crimes. At the request of defendant, the court charged that, before a conviction could be had, the jury must find as a fact that the witness Sprey was not an accomplice. The verdict imports that she was not an accomplice. Under no view of the case was the court bound to charge that she was such as

matter of law.   One can be so considered only when he can be prosecuted as a principal at common law.   That is the test.   (*People* v. *Swersky*, 216 N. Y. 471, 476; *People* v. *Cohen*, 223 N. Y. 406, 426.)   He must be shown to have counseled, induced or encouraged the crime.   (*People* v. *Swersky, supra.*)   When questions of fact arise whether a witness has done any of those things and different inferences can be drawn, it is the jury not the court that must determine.   (*People* v. *Katz*, 209 N. Y. 311, 332.)   The trial judge observed this rule and left the question to the jury.   (*People* v. *Crossman*, 241 N. Y. 138, 142.)   By no possibility could the evidence sustain a contention that the witness Sprey counseled or induced the commission of the crime. Neither did she command or procure it.   Whether she aided or abetted it and so became a principal (Penal Law, section 2) is a closer issue but we cannot say that the verdict is without support.   On occasions, Danziger handed money to her and asked her to count it.   She did count it and returned it to him who put it in his pocket and later· gave it to defendant.   Her testimony is to some extent conflicting; she swears that she knew that Danziger's intention was to give to the health commissioner's secretary this money received by Danziger for western cream; again she swears that she did not know that he gave it to defendant for what defendant was doing for him in the department.   Under the judge's instructions the jury was free to determine whether she was an accomplice.   We can see no reversible error in this ruling.

Appellant vigorously argues that there is no evidence to show that he violated section 1826 of the Penal Law as alleged in the indictment.   That section provides among other things that any person appointed or employed by or in the office of a public officer who shall in any manner act for or in behalf of any such officer and who receives or agrees to receive any money for doing or

omitting to do any official act or for having performed or omitted to perform any act whatsoever directly or indirectly related to any matter in respect to which any duty or discretion is by or in pursuance of law imposed upon or vested in him *or* may be exercised by him by virtue of his office, or appointment or employment *or* his actual relation to the matter shall be guilty of a felony. The first count in the indictment follows the language of section 1826 except that in one instance the conjunctive *and* instead of the disjunctive *or* is used. It alleges the performance and omission of an official act in respect to which a duty and discretion was by law vested in defendant " *and* " which might be exercised by him by virtue of his employment and his actual relation to the matter. This count alleges more than is required by the statute. The rule that a penal statute is to be strictly construed does not apply to our Penal Law, but all its provisions must be construed according to their fair import, to promote justice and effect the objects of the law. (Penal Law, section 21.) When section 1826 is so construed, it includes all public functionaries from the most exalted officer of the State to the humblest messenger in a municipal bureau. It denounces as a felony not only the acceptance of a gratuity but also an agreement to accept one by a public servant for the performance of or omision to perform any act whatsoever concerning which any discretion may be exercised by virtue of his actual relation to some official matter. That the law imposes no duty upon him to act and even that he has no direct authority to act, is not the point. That the act or omission may be perfectly proper in itself cannot take the acceptance of a gratuity or the agreement to accept it outside the statute. That a public employee takes a gratuity or agrees to take it for exercising discretion in relation to a matter to which he bears some official relation is the important thing. That he fails to keep his part of the compact is no

1927.]          Opinion, per O'BRIEN, J.          [246 N. Y. 106]

defense. He may promise more than he performs, he may take money for something he never does. An agreement to take something for performing or omitting to perform some discretionary act to which he has some actual relation by virtue of his employment is enough to constitute the crime. This is the fair import of section 1826.

The allegations in the first count were fully proved when the People showed that defendant was secretary to the health commissioner, enjoyed the confidence of his superior, consulted with him as to matters of policy, acted as his assistant and used discretion, sometimes signed his chief's initials to orders issued in his name, was bound to keep his principal informed concerning the cream situation, that, by implication allowing only one reasonable inference, he caused the assistant secretary to procure the commissioner's approval to the issue of a temporary permit for the admission of cream, that he omitted to remind the commissioner of the continued existence of the temporary permit, that these were official acts and official omissions in respect to which a duty and discretion might be exercised by him by virtue of his actual relation to the matter and that he accepted money for these acts and omissions. No direct proof was produced that defendant caused his subordinate, the assistant secretary, to induce the commissioner to approve the permit. Nevertheless, the relations existing between these two secretaries, defendant's motive as revealed by his promise to Danziger and his acceptance of money together with the complete absence of any explanation by the defense justifies the jury's inference that the assistant secretary's action was instigated by defendant. Even if it was not, defendant's promise was criminal. We think that the direct proof bearing with it such plain implications sustains the first count.

No less vigorously does appellant assail the evidence as insufficient under the second count to show that he

violated section 372 of the Penal Law. This section applies to a person who executes any of the functions of a public office not designated in article 170 of the Penal Law. For that reason defendant argues that inasmuch as the first count charges him with being a public officer under section 1826 and as that section is part of article 170, he cannot be convicted under section 372. He may truly be said to have executed some of the functions of a public office within the meaning of section 372. (*People* v. *Salomon,* 212 N. Y. 446.) He took an oath of office and had discretion to act in many matters for the health commissioner. The jury found upon evidence from which the conclusion reasonably follows that he accepted a bribe and previously agreed to accept it upon the understanding that his opinion and action should thereby be influenced. Under section 372 (formerly section 72) such an agreement and the receipt of money together constitute a single crime. (*People* v. *Gibson,* 191 N. Y. 227, 231.) The secretary to the health commissioner is not a person designated in article 170. " Designate " has an intimate significance. It means to point out, definitely to describe. In article 170 are designated certain officers. The Legislature never could have intended to exclude from prosecution for bribery under section 372 an employee who executes some of the functions of a public office merely because he might literally be included within the general description " any person appointed or employed by or in the office of a public officer " as used in section 1826. Article 170 enumerates .several distinct officers such as notaries public, comptrollers, prison officers, county clerks. These and others designated in that article seem to be the ones excluded from prosecution under section 372. A supervisor is no more specially excluded from the language of section 1826 than is a secretary to a health commissioner. Nevertheless a supervisor was properly convicted under section 72, the predecessor of section 372. (*People* v. *Gibson, supra.*) If appellant's

argument were sound, no conviction could ever be had under this section. Every one in public service is literally such a person as section 1826 describes. When any person, who executes any of the functions of a public office not explicitly pointed out in article 170, makes an agreement by which his opinion is to be influenced for a consideration, he violates section 372.

The judgment should be affirmed.

CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN and KELLOGG, JJ., concur.

Judgment affirmed.