THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* WILLIAM E. WALSH, Defendant.

Court of General Sessions, County of New York, August 1, 1930.

*James A. Delehanty*, for the defendant.

*Thomas C. T. Crain, District Attorney,* and *Robert C. Taylor* and *Harold W. Hastings, Assistant District Attorneys,* opposed.

ROSALSKY, J. The indictment charges the defendant with the crime of asking and receiving an emolument, gratuity and reward and money, property and a thing of value and of personal advantage, other than such as was authorized by law, for doing and performing an official act, in violation of section 1826 of the Penal Law.

The People claim that the evidence before the grand jury shows that the defendant, a public officer and chairman of the board of standards and appeals of the city of New York, received an emolument, gratuity and advantage in the letting of an apartment to him by the Massex Building Corporation at the rental of $1,500 a year, which was from $2,000 to $2,700 less than that paid for a similar apartment by any other tenant, for doing an official act, that is to say, for voting in favor of the adoption of the resolution of January 19, 1926, authorizing the said Massex Building Corporation to erect its building to a height exceeding the limit set by the " Zone Resolution."

The People argue that the evidence in support of the charge

reasonably and irresistibly points to a clear connection between the official act of the defendant in voting in favor of the resolution of January 19, 1926, and the letting of the apartment to him at the lower rental. The defendant no less vigorously contends that there was no evidence before the grand jury showing any connection or relation between the doing of the official act and the letting of the apartment to him, and that the testimony of Joseph Golding conclusively establishes that Mr. Radt and Mr. Lazett, to both of whom he was obligated, persuaded him to let the apartment to the defendant at the rental of $1,500 a year.

To sustain an indictment against a public officer under section 1826 of the Penal Law it is essential that the evidence establish that the emolument, gratuity and advantage were received by him as a direct consequence of an official act, and it makes no difference whether the official act, at the time that it was performed, was a perfectly proper one. What the law condemns is the acceptance by a public officer of an emolument, gratuity and advantage flowing from the official act (*People* v. *Clougher*, 246 N. Y. 106, 112) and the wrongful use of the office by a public officer for private gain. (*People* v. *Clark*, 242 N. Y. 313, 326.) It is immaterial that the defendant was a member of a board consisting of five members. This section " denounces as a felony   *   *   *   the acceptance of a gratuity   *   *   *   by a public servant for the performance of   *   *   *   any act whatsoever concerning which any discretion may be exercised by virtue of his actual relation to some official matter." (*People* v. *Clougher, supra.*)

Upon a careful review of the record and the briefs, I am of the opinion that the evidence before the grand jury is sufficient to warrant the submission of the charge set forth in the indictment for the determination of a trial jury.

The motion to set aside the indictment is, therefore, denied.