THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HERMAN LESTER NICHOLS, Appellant.— Appeal by the defendant from a judgment of the County Court of Warren County rendered upon a verdict convicting him of burglary, third degree and sentencing him to an indeterminate term in Clinton Prison of not less than three years nor more than five years. The defendant was arrested while driving in his car in the company of one Robert Osgood. Osgood stated that he and the defendant had burglarized a home and he took the State Police to the house. Articles of personal property were found in the car which Osgood stated had been taken from the house and which were later identified by the owner of the home and her daughter. Osgood pleaded guilty to burglary, third degree and was the principal witness against the defendant herein. The defendant denied having been on the premises and produced alibi witnesses. The defendant-appellant maintains the trial court erred in not charging the jury that Osgood was an accomplice as a matter of law; that there was insufficient evidence to corroborate the testimony of Osgood and that the court concluded its charge with a remark prejudicial to the defendant. In connection with the defendant's contention that the court below erred in not charging the jury that Osgood was an accomplice as a matter of law, no objection was made nor was there any request to charge differently (Code Crim. Pro., § 420-a). Although it appears that the jury should have been instructed as a matter of law that Osgood was an accomplice (*People* v. *Clougher*, 246 N. Y. 106, 111; *People* v. *Elbroch*, 250 App. Div. 583) it does not appear that this was such a substantial error as to require a reversal. It seems the jury could have readily found from the charge that Osgood was an accomplice and that corroborating evidence was therefore necessary for them to bring in a verdict of conviction. Corroborative evidence must be material evidence from an independent source which reasonably tends to connect the defendant with the commission of the crime (*People* v. *Kress*, 284 N. Y. 452, 460). The identification by the owner of the burglarized house and her daughter, of articles which were found by the State Police in the car of the defendant was sufficient corroboration to show that the defendant was implicated in the crime. This was direct evidence of possession of the fruits of the crime by the defendant. Although the defendant tried

to explain the presence of these articles by saying he had gotten some of them from a dump and some came from the lean-to where he was staying, this presented a question of fact for the jury and they could properly find that there was sufficient corroborating evidence. The court in concluding its charge after stating that the jury would have to first determine if there was any burglary said, "That ought to be fairly easy." No objection was made to this statement at the trial and it does not appear, when the charge is read in its entirety, that the substantial rights of the defendant were thereby prejudiced. It appears that the guilt of the defendant was clearly established and the judgment of conviction should therefore be affirmed. Judgment of conviction affirmed. Foster, P. J., Bergan, Herlihy and Reynolds, JJ., concur.