Manuel W. Levine, J.
By two separate petitions returnable March 5, 1965, the petitioners pray for judgments: (1) declaring the office of Representative for the Village of Great Neck Plaza on the Great Neck Regional Planning Board to be vacant by reason of the nonresidence within the Village of Great Neck *730 Plaza of the respondent Irwin R. Browner, the designated Representative, and directing said Irwin R. Browner to cease and desist from all actions as Representative of said village; (2) directing the Mayor and Board of Trustees of the Village of Great Neck Plaza to remove Irwin R. Browner as Representative of said village and to appoint as Representative on the Great Neck Regional Planning Board a qualified resident of said village.
As no question of fact exists and as all of the interested parties appear and consent thereto, the court may entertain the proceedings under article 78 of the CPLR — relief by quo warranto being unnecessary (Matter of Felice v. Swezey, 278 App. Div. 958). The Village of Great Neck Estates has sought permission to appear amicus curice and no party having objected to the request, permission is granted. The proceedings will be deemed consolidated and will terminate in one judgment.
The principal question is: “ Must a representative of the Village of Great Neck Plaza on the Great Neck Regional Planning Board be a resident of that village t ” It is conceded that the respondent Browner, who practices law within said village, is a resident of the Village of Thomaston, one of the villages served by the aforesaid Regional Planning Board.
The petitioner, a resident of the Village of Great Neck Plaza, bases his petitions on the contention that Representatives on a regional planning board of the municipalities involved are “public officers” who must, according to subdivision 1 of section 3 of the Public Officers Law, be residents of the municipal corporation for which they are chosen.
In June, 1962 the Incorporated Villages of Great Neck, Great Neck Estates, Great Neck Plaza, Kensington, Kings Point, Lake Success, Russell Gardens, Saddle Rock and Thomaston, together with the Town of North Hempstead (within which the villages are located), agreed to establish the Great Neck Regional Planning Board. In the agreement the participating municipalities designated their Representatives, the respondent Irwin R. Browner being designated by Great Neck Plaza. Thereafter, when a question arose as to the qualifications of members of the board, the State Comptroller rendered an opinion dated October 8, 1962, holding that such members are required to reside within the municipality which they represent on the ground that they are public officers (18 Op. St. Comp., 1962, p. 327). In May, 1963 the Attorney-General rendered an informal opinion to the same effect. The Attorney-General merely states that in bis opinion “Public Officers Law, section 3, *731 subdivision 1, would apply and I conclude that a member of a regional planning board must be a resident of the municipality which he represents on that planning board The Comptroller states that a representative on the planning board is a public officer because the duties which he performs to some extent involve the exercise of the “ sovereign power.”
The court has concluded after an examination of the law and a consideration of the rights and duties of the members of the Regional Planning Board that the members are not “public officers ” under the Public Officers Law. In the first place section 239-b of the General Municipal Law which authorizes the creation of regional planning boards provides, in part, that the ‘‘ representatives of the constituent municipalities * * * be selected in a manner to be determined by agreement among the participating municipalities ” (emphasis supplied). There is no requirement by that statute that each municipality involved should select a separate representative or that the representative need be a resident of the municipality selecting him. Secondly, the duties of the members of the Great Neck Regional Planning Board do not involve any portion of the sovereign power and absent some exercise of sovereign power the members are not public officers according to the authorities (General Municipal Law, § 239-d; Matter of New York Post Corp. v. Moses, 12 A D 2d 243, 250, revd. on other grounds 10 N Y 2d 199; Macrum v. Hawkins, 261 N. Y. 193, 200). Here, as in the Macrum case the members of the Planning Board do not receive pay for their services, do not decide anything but merely study and report. The mere fact that in order to perform its function the Regional Planning Board may receive financial assistance from the municipalities involved or, pursuant to subdivision 9 of section 239-d ‘ ‘ from private foundations or agencies and may apply for and accept grants from the federal government or the state government and enter into contracts for and agree to accept such grants, donations or subsidies in accordance with such resasonable conditions and requirements as may be imposed thereon ’ ’ does not require or permit the inference that the Planning Board is exercising sovereign power.
Accordingly, as the court finds that petitioner has not sustained his contention that the members of the Great Neck Regional Planning Board are “public officers” judgment is granted in favor of the respondents dismissing the petitions. None of the other questions need be passed upon.