## (December 27, 1968.)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GUY BEAUDET, Appellant.— REYNOLDS, J. Appeal from a judgment of the County Court, Clinton County, rendered August 4, 1966 upon a jury verdict convicting appellant of the crime of murder in the first degree (Penal Law, § 1044, subd. 2). Appellant and two others, Willie Dupuis and Rene Pilon, were convicted of the felony murder of a bank employee killed during the March 22, 1965 robbery of a bank at Ellenburg Depot. Previously, on an appeal brought by Rene Pilon this court directed that Pilon be retried separately because evidence admitted against the other defendants but not admissible against him had deprived him of a fair trial (*People* v. *Pilon*, 30 A D 2d 365). Appellant also seeks a retrial on the instant appeal. The People proved the following account of the robbery. In the middle of March, 1965 one Roland Berube, who later turned State witness, Albert Couture, who was the alleged driver and fourth participant in the robbery, and who also testified as a witness for the State, Pilon, Dupuis and appellant met and a plan was formulated to rob the National Commercial Bank and Trust Company's branch office at Ellenberg Depot in Clinton County. To provide a vehicle a Buick Wildcat was obtained a few days before March 22 by Dupuis and Berube and kept at a camp owned by Berube's mother. On the morning of the crime all but Berube met near the Canadian-American border where Dupuis and Pilon put on coveralls and Beaudet took out two sawed off carbines, gave them to the other defendants and kept a pistol for himself. Couture and the defendants got inside the Buick and with Couture driving, crossed into the United States over a minor road that was left unguarded by the Immigration Service. As they approached the bank, Beaudet, Pilon and Dupuis put on ski masks. Couture pulled up in front of the bank and the other three defendants got out and went inside. Of course since they were masked, none of the witnesses inside the bank were able to identify them aside from a rough approximation as to their height and weight. One of the defendants, for reasons not particularly clear, got into a slight scuffle with the head teller, Roy Dominy. In the tension of the moment this particular defendant fired two shots at Dominy fatally wounding him. The defendants immediately fled taking with them a little over four thousand dollars. They raced back to the wooded area in Canada, abandoned the Buick, hid the guns and returned to Montreal. One week later, on March 29, Beaudet returned with Couture to the area where they had previously hidden the guns, threw the pistol into the woods and later threw the carbines into the St. Lawrence River. Soon after all were arrested due to the fact that the bank had the serial numbers of a portion of the stolen money, and partly because Berube, whose fingerprints were found on the abandoned Buick, had given their names to the police. Appellant first asserts that the trial court should have charged that Berube was an accomplice as a matter of law and that not to have done so was prejudicial error. If Berube was an accomplice as a matter of law the Trial Judge should have so instructed the jury and his failure to do so here would be clearly prejudicial (*People* v. *Diaz*, 19 N Y 2d 547; cf.,

*People* v. *Watford,* 19 A D 2d 731; *People* v. *Nichols,* 7 A D 2d 786). It is patently evident that Berube participated in the early preparation for the robbery particularly in securing the car and providing a place to secrete it till needed but it is also unquestioned that he did not take part in the actual robbery. In fact on cross-examination Berube maintained that he did not know the specific reason for stealing the car. He did concede that on Sunday, March 21, he knew that there would be a robbery in the United States though he did not know exactly where it would take place. Berube also testified that the other defendants asked him to go on the job but that he was not interested in participating. Berube asserted that he volunteered his mother's camp as a hiding place only as a favor to the defendants though he also mentioned that Couture promised him a nice gift on Wednesday night. At the conclusion of the trial the Trial Judge instructed the jury that Couture, who partook in the actual robbery, was an accomplice as a matter of law and that pursuant to section 399 of the Code of Criminal Procedure his testimony had to be corroborated, but that it was a question of fact as to whether Berube was an accomplice and that his testimony need be corroborated by independent evidence only if the jury decided that he was in fact an accomplice. An accomplice, of course, is one so connected with the crime that at common law he might himself have been convicted either as a principal or as an accessory before the fact (*People* v. *Curkendall,* 28 A D 2d 589; *People* v. *Cohen,* 223 N. Y. 406, 425, cert. den. 248 U. S. 571). Since the Penal Law has merged the definition of an accessory before the fact into that of a principal one can be considered an accomplice only if he could now be prosecuted as a principal (*People* v. *Clougher,* 246 N. Y. 106). Accordingly, to be an accomplice one must have the necessary intent or "mens rea" in the same manner as would be required to convict one of being a principal. The alleged accomplice must take a guilty part in the offense (*People* v. *Washington,* 18 N Y 2d 366) and share the intent or purpose of the principal actors. "There can be no partnership in an act where there is no community of purpose" (1 Burdick, The Law of Crime, § 221, p. 297; *People* v. *La Belle,* 18 N Y 2d 405, 412; *People* v. *Monaco,* 14 N Y 2d 43). In summary one can not be said to be a principal or an accomplice "merely on the basis that, in retrospect, we may say that in an objective sense this person was helpful or of use to the actual perpetrator of the crime. There is a subjective element as well." (*People* v. *La Belle, supra,* p. 412.) Applying this test to the instant record we concur with the trial court that Berube was not an accomplice as a matter of law. It is just as likely he procured the car and otherwise assisted the defendants for a set fee, in the manner of an independent contractor, rather than as an actual participant with a vested interest in the crime itself. While the record certainly establishes Berube as a car thief it does not necessarily make him an accomplice in a crime he did not and had refused to participate in, especially since he might not have been fully aware of the actions being planned. Moreover, since it is in the nature of a defense to establish that the witness is an accomplice, the burden was on the appellant to demonstrate that Berube criminally participated with the defendants in committing the robbery (*People* v. *Rossi,* 11 N Y 2d 379). Taking the evidence as a whole, it cannot be said that the defense has so conclusively met this burden so as to require an instruction that as a matter of law Berube is an accomplice (cf. *People* v. *Elbroch,* 250 App. Div. 583). Appellant next contends that his motion for a separate trial should have been granted. In *People* v. *Pilon (supra)* we decided that a separate trial was required because of "the substantial difference in the weight and quantum of the evidence that was admissible against Beaudet and Dupuis, but inadmissible as against Pilon", since Pilon was not present when many of the acts and declarations testified to were committed. Here the admitted facts against appellant as compared with those

admitted against Pilon differed substantially and vitally. There are only a few insignificant instances in the entire lengthy record where the evidence offered would not be admissible against the appellant and accordingly we find no prejudice requiring a new trial. Nor do we find any merit in appellant's contention that the evidence is so contradictory and full of inconsistencies that the jury was unable to find guilt beyond a reasonable doubt (*People* v. *Cohen, supra*); that appellant was prejudiced by the lengthy marshalling of evidence and lengthy charge (cf. *People* v. *Kresel*, 243 App. Div. 137); that it was error to deny appellant's motion to inspect the Grand Jury minutes (*People* v. *Howell*, 3 N Y 2d 672), or that there was prejudice in one attorney's representing all defendants in the early stages of the case (*People* v. *Pilon*, 30 A D 2d 365, 368–369, *supra*). Accordingly, we find no basis for reversal and the judgment of conviction must therefore be affirmed. Judgment affirmed. Herlihy, J. P., Reynolds, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Reynolds, J.