THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v CARL KRUGER and DAVID RYNECKI, Respondents.

Second Department, July 6, 1982

APPEARANCES OF COUNSEL

*Elizabeth Holtzman, District Attorney (Allan P. Root* of counsel), for appellant.

*Benjamin Brafman* for respondents.

OPINION OF THE COURT

GULOTTA, J. P.

Defendants, members of Community Board No. 18 in Brooklyn, were indicted by a Kings County Grand Jury under a multiple count indictment charging them with having acted in concert to commit the crimes of attempted grand larceny in the first degree, attempted grand larceny in the second degree, attempted bribe receiving in the second degree, attempted grand larceny in the third degree, grand larceny in the second degree (two counts) and grand larceny in the third degree (two counts). Subsequently, the defendants moved, *inter alia,* to dismiss the first and third counts of the indictment on the ground that the charges contained therein were not legally sufficient, and alleged in support thereof that the counts were predicated on the erroneous assumption that the defendants, in

their capacity as community board members, were "public servants" within the meaning of subdivision 15 of section 10.00 of the Penal Law. Count No. 1 of the indictment charges the defendants with the crime of attempted grand larceny in the first degree committed as follows: "The defendants, acting in concert, on or about and between October and November, 1978, in the County of Kings, with the intent to steal property, to wit: a quantity of United States Currency, attempted to steal such property by extortion, in that defendants attempted to compel and induce DAVID KARMI to deliver such property to defendants and to a third person by means of instilling in DAVID KARMI a fear that, if the property was not so delivered, defendants and another person would use and abuse their positions as public servants, to wit: members of Community Board #18 in Brooklyn, New York, by engaging in conduct within and related to their official duties, and by failing and refusing to perform an official duty, in such a manner as to affect DAVID KARMI adversely." Somewhat similarly, Count No. 3 of the indictment charges the defendants with the crime of attempted bribe receiving in the second degree committed in the following manner: "The defendants, acting in concert, on or about and between October and November, 1978, in the County of Kings, being public servants, to wit: members of Community Board #18 in Brooklyn, New York, attempted to solicit, accept and agree to accept a benefit, to wit: a quantity of United States Currency, from DAVID KARMI upon an agreement and understanding that defendants' vote, opinion, judgment, action, decision and exercise of discretion as public servants would thereby be influenced." Criminal Term, in the order appealed from, granted this aspect of the defendants' motion and the People appeal.

We reverse.

In our view, Criminal Term erred in concluding that the defendants may not be regarded as "public servants" within the meaning of subdivision 15 of section 10.00 of the Penal Law.* Community boards operating within the City

---

\* " 'Public servant' means (a) any public officer or employee of the state or of any political subdivision thereof or of any governmental instrumentality within the state, or

of New York are the creation of statute (see Charter of City of New York, § 2800), and, under the New York City Charter, play an important role and exercise specific statutory functions in connection with land-use decisions (see Charter of City of New York, § 197-c *et seq.;* ch 27). Thus, it is specifically provided that "Each community board shall * * * Exercise the *initial review* of applications and proposals of public agencies and private entities for the use, development or improvement of land located in the community district, including the conduct of a public hearing and the preparation and submission to the city planning commission of a *written recommendation*" (Charter of City of New York, § 2800, subd d, par [15]; emphasis supplied), and that the breadth of authority thereby conferred extends, *inter alia,* to applications for variances and special permits (Charter of City of New York, ch 27), zoning map changes, subdivision plats, housing and urban renewal projects, land fills and the sale or leasing of real property by or to the City of New York (Charter of City of New York, § 197-c). It is undisputed that land-use decisions involve the exercise of the sovereign power of the State. Moreover, although not formally salaried, the members of a community board are appointed to staggered two-year terms by the applicable borough president (Charter of City of New York, § 2800, subds a, b), and are reimbursed from the city treasury for their "actual and necessary out-of-pocket expenses" (Charter of City of New York, § 2800, subd c).

That the "recommendations" of the various community boards are not binding upon the City Planning Commission and the Board of Estimate is not, in our view, determinative of the defendants' status, as the central consideration for present purposes is not whether the defendants have any "direct authority" over the matter in issue, but whether they have attempted (as alleged) to secure compensation "for exercising [their] discretion in relation to a matter to which [they bear] *some* official relation" (see *People v Clougher,* 246 NY 106, 112; emphasis supplied). In point of fact, it is rarely if ever that the recommendations of a "subordinate" administrative body or officer will be

(b) any person exercising the functions of any such public officer or employee. The term public servant includes a person who has been elected or designated to become a public servant."

binding in any meaningful way upon its or his "superior", but the foregoing cannot be relied upon to insulate the lesser official from criminal liability arising out of the misuse of his powers. As has oft been stated, the Penal Law is not to be strictly construed, but, rather, "construed according to the fair import of [its] terms to promote justice and effect the objects of the law" (Penal Law, § 5.00; *People v Teicher*, 52 NY2d 638, 647; *People v Knowles*, 79 AD2d 116, 117-118).

*Macrum v Hawkins* (261 NY 193) and *Matter of Lowell v Browner* (47 Misc 2d 729), the principal cases relied on by the defendants, are distinguishable on their facts, as the issue involved in each of those cases concerned the "public officer" status of a member of a planning board created pursuant to section 239-b of the General Municipal Law for the purpose of determining whether his designation as such (1) precluded his continuation in office as a member of a county board of supervisors (*Macrum v Hawkins, supra*) or (2) mandated his compliance with the residency requirements for "local office" set forth in section 3 of the Public Officers Law (*Matter of Lowell v Browner, supra*). Neither concerned the status of such an individual for penal purposes, i.e., for the purpose of determining whether his alleged abuse of his official position for reasons of personal gain might constitute, *inter alia,* bribe receiving by a public servant.

Accordingly, the order should be reversed insofar as appealed from, the motion to dismiss as to Counts 1 and 3 denied, and those counts reinstated.

O'CONNOR, RUBIN and BOYERS, JJ., concur.

Order of the Supreme Court, Kings County, dated February 1, 1982, reversed insofar as appealed from, on the law, motion to dismiss denied as to Counts 1 and 3, the said counts are reinstated and the matter is remitted to Criminal Term for further proceedings consistent herewith.