People v Yu (2018 NY Slip Op 08754)





People v Yu


2018 NY Slip Op 08754


Decided on December 20, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 20, 2018

Richter, J.P., Manzanet-Daniels, Tom, Gesmer, Kern, JJ.


3874/14 -5424 7915 7516

[*1] The People of the State of New York, Respondent,
v
Benjamin Yu, Defendant-Appellant.
The People of the State of New York, Respondent,
v
Jose Nunez, Defendant-Appellant.


Patrick J. Brackley, New York, for Benjamin Yu, appellant.
Robert S. Dean, Center for Appellate Litigation, New York (Jan Hoth of counsel), for Jose Nunez, appellant.
Cyrus R. Vance, Jr., District Attorney, New York (David M. Cohn of counsel), for respondent.



Judgments, Supreme Court, New York County (James M. Burke, J.), rendered August 17, 2016, convicting each defendant of bribery in the second degree (2 counts), conspiracy in the fourth degree and rewarding official misconduct in the second degree (13 counts), and sentencing each defendant to an aggregate term of three to nine years, unanimously affirmed. The matter is remitted to Supreme Court for further proceedings as to both defendants pursuant to CPL 460.50(5).
Defendants Yu and Nunez, an attorney and paralegal respectively, were convicted of bribing an employee of the Criminal Justice Agency (CJA) to refer arrestees as potential clients. The principal issues on appeal arise out of the fact that CJA employees, who interview arrestees regarding their suitability for pretrial release, are not City employees, but employees of a City-funded nonprofit agency. Thus, under the bribery statutes, the CJA employee was not a "public servant" under Penal Law § 10.00(15)(a), which is limited to public employees, and the parties disagree about whether he qualified as a public servant under § 10.00(15)(b), as a "person exercising the functions of any such public officer or employee."
There was no impermissible variance between the trial evidence and the indictment. At trial, the People proceeded on the theory that the CJA employee was a public servant under the "exercising" theory set forth in § 10.00(15)(b), and the court charged the jury accordingly. Both the "public employee" and "exercising" theories had been submitted to the grand jury, and the indictment was compatible with both theories, except for some language in the narrative portion of the conspiracy count relating to the employee's status, which the court modified. To the extent the court amended the indictment, the amendment satisfied the requirements of CPL 200.70. Defendants were not prejudiced, because they received notice long before trial that the People's theory would be that the employee was a public servant under the "exercising" theory. To the extent that defendants are arguing that the evidence before the grand jury was insufficient to support that theory, that claim is unreviewable (CPL 210.30[6]).
The verdict was based on legally sufficient evidence and was not against the weight of the [*2]evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). Testimonial and documentary evidence established that the CJA employee was a public servant under § 10.00(15)(b) because he exercised the functions of a public employee in interviewing arrestees and making recommendations to arraignment judges whether to release the arrestees on their own recognizance. Evidence was presented that CJA is wholly funded by the City, and receipt of such public funds is a relevant factor in the determination (see People v Kruger, 87 AD2d 473, 475-76 [2d Dept 1982]). CJA performs a function previously performed by the Probation Department in New York City, and still performed by the Probation Department in counties outside of the City. In addition, CJA recommendations facilitate an important government interest, namely, regulating pretrial incarceration (Matter of Bernard T., 250 AD2d 532 [1st Dept 1998], lv denied 92 NY2d 808 [1998]; Kruger, 87 AD2d at 475).
The evidence also sufficiently established that defendants sought to influence the CJA employee with respect to his "vote, opinion, judgment, action, decision, or exercise of discretion as a public servant," as required to convict them of bribery in the second degree (Penal Law § 200.03). Although the bribe was not offered to influence bail recommendations, which was the employee's primary responsibility, it was offered to influence the employee to interview and screen arrestees so as to identify those who could afford private counsel, to make false and misleading statements to the arrestees, and to make improper referrals. The employee's actions violated CJA's prohibition against private attorney referrals, and violated its general policy that its employees maintain neutrality. He also took advantage of his position and access to information within the CJA. Thus, at the very least, the employee's "action" as a public servant was influenced (Penal Law § 200.03).
Although the court's jury charge defining the term public servant contained some overly broad language, the court also read the statutory definition, and the charge, when viewed as a whole, conveyed the proper definition (see generally People v Fields, 87 NY2d 821 [1995]). In any event, any error was harmless (see People v Crimmins, 36 NY2d 230 [1975).
Defendant Yu's remaining contentions are unpreserved and we decline to review them in interest of justice. As an alternative holding, we reject those arguments on the merits. Yu's ineffective assistance of counsel claims relating to these unpreserved issues are generally unreviewable because Yu has not made a CPL 440.10 motion. In the alternative, to the extent the existing record permits review, we find that Yu received effective assistance under the state and federal standards
(see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]).
We have considered and rejected defendant Nunez's excessive
sentence claim.
M-5424 - People v Benjamin Yu
Motion to adopt defendant Nunez's arguments granted.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 20, 2018
CLERK