## COURT OF APPEALS.

### Feb. 25, 1908.

# THE PEOPLE v. BYRON D. GIBSON.

### (191 N. Y. 227.)

(1). Bribery—Asking, Receiving and Agreeing to Receive a Bribe
    Constitutes a Single Crime—Statutes of Limitations—
    When Indictment not Barred—Penal Code § 72.

Although the provisions of section 72 of the Penal Code, prescrib-
ing that a public officer " who asks, receives, or agrees to receive
a bribe, * * * upon any agreement or understanding that his
vote * * * or other official proceeding, shall be influenced thereby,
or that he will do or omit any act or proceeding, or in any way
neglect or violate any official duty is punishable * * *," specify
three acts, any one of which by itself and alone may be punished
as a completed crime, the section should not be construed to mean
that a person may be punished for receiving a bribe and also sep-
arately and independently for asking for, or agreeing to receive
the same bribe, but these separate acts, whn forming a connected
series relative to the same subject-matter, should be regarded as
constituting a single crime.

(2). Same.

An indictment, therefore, found within five years after the pay-
ment of the bribe is not barred by the Statute of Limitations be-
cause such payment was postponed until after the performance of
the action to be influenced, the agreement upon which it was
received and the action influenced thereby having occurred more
than five years before indictment, since the crime may be estab-
lished by proof that the bribe was actually received after the
vote of the officer bribed had been given, the agreement upon which
it was received having been made before the vote, and such receipt
constituting the consummation of the crime, so that the completion
of the offense and the running of the statute are delayed until that
event has occurred.

*People* v. *Gibson*, 122 App. Div. 69, affirmed.

Appeal from an order of the Appellate Division of the
Supreme Court in the fourth judicial department, entered No-
vember 16, 1907, which affirmed a judgment rendered upon a

verdict convicting the defendants of the crime of bribery and an order overruling a demurrer to the indictment.

The facts, so far as material, are stated in the opinion.

*Edward W. Hatch, Willard H. Ticknor* and *Frank W. Brown* for appellants. Prosecution for the crime charged in the indictment was barred by the Statute of Limitations when the indictment was presented. (Code Cr. Pro. § 142; *People v. Lord,* 12 Hun, 282; *U. S.* v. *Irvine,* 98 U. S. 450; *Gise* v. *Comm.,* 81 Penn. St. 428; *People* v. *Willis,* 24 Misc. Rep. 549; *State* v. *Graham,* 96 Mo. 120; *Roth* v. *State,* 135 Tex. Cr. 142; *State* v. *Geyer,* 3 Ohio N. P. 242; *State* v. *Ellis,* 33 N. J. L. 102; *People* v. *Hurley,* 126 Cal. 351; *People* v. *Ah Fok,* 62 Cal. 493.)

*Frank A. Abbott, District Attorney,* for respondent. The facts charged in the indictment herein and proved upon the trial of this action constitute a violation of section 72 of the Penal Code. (*People ex rel. Dickinson* v. *Van De Carr,* 87 App. Div. 389; Stephen's Dig. of Cr. Law (9th ed.), 97; Wharton's Cr. Law (10th ed.), § 1857; 2 Bishop New Cr. Law, 85; *Reg.* v. *Lancaster,* 16 Cox's Cr. Law, 737; *State* v. *Deforges,* 48 La. Ann. 75; *U. S.* v. *Driggs,* 125 Fed. Rep. 520; *People* v. *Willis,* 23 Misc. Rep. 549; *U. S.* v. *Green,* 136 Fed. Rep. 645; *Glover* v. *State,* 109 Ind. 391; *King* v. *U. S.,* 112 Fed. Rep. 988; *Sharp* v. *U. S.,* 76 Pac. Rep. 177; *State* v. *Smith,* 72 Vt. 376.)

Hiscock, J. The appellants have been convicted under section 72 of the Penal Code of receiving bribes by which their votes as supervisors were to be influenced.

The case is a companion to that of *People* v. *Neff,* decided at this term, in this respect, that these appellants, as the defendant in that case, have been convicted of crime in connection with proceedings by the board of supervisors of Erie county to acquire cemetery lands for an armory site.

The unanimous affirmance of the judgment of conviction precludes us from any consideration of the question whether there was sufficient evidence to sustain the verdict of the jury. But perhaps it is proper to say, as bearing upon the disposition of some of the objections and exceptions to testimony, that if that question were open we should feel that there was a great abundance of competent testimony tending to prove beyond any reasonable doubt whatever that the appellants while solemnly bound as public officials to protect public interests, were guilty of the particularly insidious and despicable crime of bartering away those interests for pecuniary gain.

The proposition which is most earnestly pressed upon our attention on the appeal is that the crime charged against them was barred by the Statute of Limitations. Section 72 of the Penal Code, under which the indictment is found, provides that such officer, as these appellants were, " who asks, receives, or agrees to receive a bribe, * * * upon any agreement or understanding that his vote * * * or other official proceeding, shall be influenced thereby, or that he will do or omit any act or proceeding, or in any way neglect or violate any official duty, is punishable," etc.

The specific form of offense charged by the indictment against appellants was that of " receiving a bribe upon an agreement and understanding that their votes, opinions * * * and other official proceedings and the vote, opinion * * * and other official proceedings of each of them, would be influenced thereby," with respect to a resolution pending before the board of supervisors while they were members, March 20, 1901, and which said resolution was acted on by the board at or near said date. Said indictment also charged that the bribe was paid on or about June 25, 1901.

The evidence corresponded with these charges and it is conceded that the agreement was made and the votes of the appellants given more than five years before the indictment was

found and that the only act performed within five years was the actual receipt of the bribe.

Under these circumstances the counsel for the appellants argues that the only receipt of a bribe for which one may be convicted under this section of the Code must accompany the agreement under which it occurs and must take place before the vote or action which is to be influenced thereby; that if any other construction is adopted somehow it will lead to the result that a person may be indicted and punished for each one of the three acts of asking for, agreeing to receive and actually receiving a bribe, although the same bribe was involved in each act; that under this view, the receipt of the bribe within five years before indictment found was not sufficient to prevent the crime from being barred, the agreement upon which it was received and the action influenced thereby occurredmore than five years before indictment.

We are not impressed with this argument. This section of the Code undoubtedly does specify three acts, any one of which by itself and alone might be punished as a completed crime. In the interest of public safety and to discourage the commission of this species of crime, the legislature undoubtedly did enact that a person might be convicted simply for asking, or for agreeing to receive, a bribe, even though his request or agreement did not ripen into actual receipt of the money. But while this question is academic in this case, and, therefore, not decided, we do not think that this section would be so construed as to mean that a person might be punished for receiving a bribe and also separately and independently for asking and also for agreeing to receive the same bribe, but that these separate acts, when forming a connected series relative to the same subject-matter, would be regarded as constituting a single crime. The People are not compelled to rely upon any such proposition as the former one for the purpose of supporting this judgment. They charge the act of having received a bribe upon an agree-

ment such as is described in the statute, and there is no suggestion of separate or independent crimes preceding it. Neither is there any doubt but that the acts thus charged constitute within the definition of the statute a crime, and, therefore, there simply remains the question whether this crime may be established by proof that the bribe was actually received after the vote of the bribed official had been given, the agreement upon which it was received having been made before vote. If this may be the case, then concededly one crime was consummated within the period of five years before the indictment was found. It does not seem to us that there is anything in the language of the Code which makes the answer to the query at all doubtful. The agreement is made that the vote of the official " shall be influenced thereby," that is, by the bribe. The action which is to be influenced is necessarily of the future. The bribe by which this influence is to be exerted may be paid in the present or in the future and after the influence has been exerted. The agreement and the receipt together constitute a single crime, and if the briber deems it safer for his purposes to postpone payment till he has secured his consideration, the consummation of the offense and the running of the statute will be delayed till that event has occurred. That is what has transpired in this case, and we see no reason for disturbing the judgment on this ground.

All of the various objections and exceptions to the admission of evidence urged by the appellants have been considered, but we think that no one of them suggests any such substantial error or infringement of appellant's rights as requires a reversal of the judgment.

The judgment of conviction should be affirmed.

CULLEN, Ch. J., GRAY, HAIGHT, VANN, WILLARD BARTLETT and CHASE, JJ., concur.

Judgment of conviction affirmed.