(140 App. Div. 179.)

### PEOPLE v. FURLONG.

(Supreme Court, Appellate Division, Second Department.   October 20, 1910.)

1. BRIBERY (§ 1*)—JUDICIAL OFFICERS—ESSENTIALS OF OFFENSE.

   Under Penal Law (Consol. Laws, c, 40) § 372, prescribing punishment for judicial officers who ask, receive, or agree to receive a bribe, the bribe need not relate to judicial action in a specific proceeding, and may relate to a general course of future conduct.

   [Ed. Note.—For other cases, see Bribery, Cent. Dig. §§ 1–3; Dec. Dig. § 1.*]

2. BRIBERY (§ 6*)—JUDICIAL ACTION—INDICTMENT—SUFFICIENCY.

   An indictment charging that accused, as magistrate, asked and agreed to receive a bribe on an agreement whereby he was to approve all bonds tendered by a certain person through a dummy for the release of prisoners held to bail in his court, he and such person to divide money paid the latter for procuring bail, is sufficient, under Penal Law (Consol. Laws, c. 40) § 372, prescribing punishment for judicial officers who ask, receive, or agree to receive a bribe.

   [Ed. Note.—For other cases, see Bribery, Cent. Dig. §§ 5–8; Dec. Dig. § 6.*]

3. BRIBERY (§ 1*)—JUDICIAL ACTION—ESSENTIALS OF OFFENSE.

   Under Penal Law (Consol. Laws, c. 40) § 372, prescribing punishment for judicial officers who agree to receive a bribe, no distinct criminal act pursuant to the agreement need be shown.

   [Ed. Note.—For other cases, see Bribery, Cent. Dig. §§ 1–3; Dec. Dig. § 1.*]

4. CRIMINAL LAW (§ 369*)—EVIDENCE—RELEVANT FACTS.

   Generally proof against accused of an independent crime is admissible, if relevant to the crime charged.

   [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 822–824; Dec. Dig. § 369.*]

5. CRIMINAL LAW (§ 338*)—EVIDENCE—"RELEVANCY"—TEST.

   The test of "relevancy" of evidence is whether it tends legitimately to establish the issuable fact.

   [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 752–757; Dec. Dig. § 338.*

   For other definitions, see Words and Phrases, vol. 7, p. 6062.]

6. BRIBERY (§ 10*)—JUDICIAL ACTION—EVIDENCE—RELEVANCY.

   In a trial for agreeing to receive a bribe as a magistrate, involving his agreement to approve bail bonds in future proceedings, the people could show execution of the agreement in a particular case.

   [Ed. Note.—For other cases, see Bribery, Dec. Dig. § 10.*]

7. CRIMINAL LAW (§ 30*)—JUDICIAL ACTION—ELEMENTS OF OFFENSE.

   Under Penal Law (Consol. Laws, c. 40) § 372, prescribing punishment for judicial officers who receive or agree to receive a bribe, receipt of a bribe under a previous agreement to receive does not merge the offense by the agreement, so as to preclude trial therefor; but there cannot be a conviction for both offenses.

   [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 32–34; Dec. Dig. § 30.*]

8. CRIMINAL LAW (§ 1159*)—REVIEW—VERDICT—CONCLUSIVENESS.

   A conviction under a skillful defense, competent evidence, and proper instructions will not be disturbed on appeal.

   [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3074–3083; Dec. Dig. § 1159.*]

   Rich, J., dissenting.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Trial Term, Kings County.

Henry J. Furlong was convicted of bribery, and he appeals. Affirmed.

Argued before WOODWARD, JENKS, THOMAS, RICH, and CARR, JJ.

W. Bourke Cockran, for appellant.

John F. Clarke, Dist. Atty., for the People.

CARR, J. Section 372 of the Penal Law (Consol. Laws, c. 40) provides, in part, as follows:

"A judicial officer, * * * who asks, receives, or agrees to receive a bribe, or any money, property, or value of any kind, or any promise or agreement therefor, upon any agreement or understanding that his vote, opinion, judgment, action, decision or other official proceeding, shall be influenced thereby, or that he will do or omit any act or proceeding, or in any way neglect or violate any official duty, is punishable by imprisonment for not more than ten years, or by fine of not more than five thousand dollars, or both. A conviction also forfeits any office held by the offender, and forever disqualifies him from holding any public office under the state."

Proceeding under this section of the statute, the grand jury of Kings county presented an indictment against the defendant herein in form as follows:

"The grand jury of the county of Kings, by this indictment, accuse Henry J. Furlong of the crime of asking for and agreeing to receive a bribe and money, and a promise and agreement therefor, committed as follows: On the 16th day of September, 1908, at the borough of Brooklyn, of the city of New York, in the county of Kings, the said Henry J. Furlong was a judicial officer, viz., a city magistrate of the city of New York, and of the Second division thereof, that is, said borough and county, and was, then and there, and at all times herein mentioned, executing the functions of such judicial officer, to wit, the functions of a city magistrate of and in the City Magistrates' Court of the city of New York and said Second division thereof; and the said Henry J. Furlong, being such judicial officer and exercising the functions aforesaid, did, then and there, willfully, unlawfully, and feloniously ask for and agree to receive a bribe and money, and a promise and agreement therefor, upon an agreement and understanding, to wit, an agreement and understanding had and entered into between him, said Henry J. Furlong, and one Jacob J. Gotthelf that he, said Henry J. Furlong, should purchase a certain plot, piece, or parcel of land, with the buildings thereon erected, commonly known and designated as Number 925 Glenmore avenue, there situate, for the sum of one hundred and fifty dollars, or thereabouts, and that he, said Henry J. Furlong, should take title thereto in the name of a third party, to wit, of one Florence Arnstein, and that she, said Florence Arnstein, for and in consideration of the payment of money to him, said Jacob J. Gotthelf, should enter into undertakings and recognizances as surety in criminal actions and in special proceedings of a criminal nature cognizable in said City Magistrate's Court, and before him, said Henry J. Furlong, as such official, and should swear before him, said Henry J. Furlong, that she, said Florence Arnstein, was the owner of said property in testifying to her qualifications to act as surety therein, and to execute and enter into said recognizances and undertakings, and that he, said Henry J. Furlong, should swear said Florence Arnstein to her said oath of qualification, and that he, said Henry J. Furlong, should take the acknowledgment of said Florence Arnstein to said recognizances and undertakings, and approve of said recognizances and undertakings, acting as such official, and that they, said Henry J. Furlong and said Jacob J. Gotthelf, should divide between themselves all such sums of money paid as aforesaid to the said Jacob J. Gotthelf for the execution of said recognizances and undertakings; that the opinion, judgment, action, decision, and

other official proceeding of him, the said Henry J. Furlong, as such judicial officer, should be influenced thereby, that is to say, thereby influenced to the end that and so that he, said Henry J. Furlong, acting as such official, would administer to said Florence Arnstein her oath of qualification as aforesaid and certify to the same, and that he, said Henry J. Furlong, acting as such official, would take the acknowledgment of said Florence Arnstein to said recognizances and undertakings as aforesaid, and that he, said Henry J. Furlong, acting as such official, would approve of said recognizances and undertakings as aforesaid, against the form of the statute in such case made and provided."

The defendant, on being brought to trial on the indictment, was convicted, and was sentenced to imprisonment under an indeterminate sentence of not less than one year nor more than two years and one month. From the judgment of conviction this appeal has been taken.

The grounds urged upon this court for a reversal of the judgment are somewhat numerous, and the more important of them will be considered in their order. The first ground is that the indictment does not state facts sufficient to constitute the crime of bribery of a judicial officer under the statute above cited. It is contended by the appellant that the indictment sets forth at most facts showing a conspiracy to commit a series of crimes, but does not state the commission of any specific crime. This argument rests upon the assumption that, in order to bring a judicial officer within the provisions of the statute, the bribe must be asked for, received, or agreed to be received with reference to judicial action in some specific proceeding then actually pending before the judge, or which is to be brought before him thereafter. In other words, there can be no bribery unless the mutual understanding is that the judge shall act improperly in some specific case pending or to be brought before him, and that, if the understanding relates, not to any specific case, but to a general course of future conduct, the crime prohibited by this statute has not been committed. This precise question has not been the subject of any decisions heretofore in this state, although there are several decisions upon it of great weight in other jurisdictions. The statute has been construed, however, as to its general features, apart from facts similar to those now involved. It has been held that this statute prohibits three specific acts, any one of which is a complete crime in itself, viz.: The asking for a bribe; an agreement to receive a bribe; the actual receipt of a bribe. People v. Gibson, 191 N. Y. 227, 83 N. E. 976, 123 Am. St. Rep. 597.

If it be true that it is essential to the nature of the crime of bribery that it shall relate to the doing of some specific act in a specific legal proceeding, either then pending or in contemplation, the result will be as follows: A judge is guilty of bribery if he asks for, agrees to receive, or does receive money or property in a specific case of Doe v. Roe, to influence his official action in that case, but is not guilty of bribery if he enters into an agreement with Doe to decide in the latter's favor every case in which thereafter he may be interestd, although then none are pending before him. If this result is within the contemplation of the statute, then it is anomalous, to say the least. It would follow that a judge is guilty of being bribed if he agrees to act corruptly in one specific case, but has not been bribed if he agrees to

act corruptly in every case which may thereafter arise in which the party offering or agreeing to pay the money may be interested. The only authority which appears to support this contention is that of Barefield v. State, 14 Ala. 603. There the defendant was indicted for offering a bribe to a justice of the peace. The bribe was rejected. The defendant brought to the justice certain notes and accounts for collection, and offered the justice one-half the amount of the notes and accounts if he would give judgment for him when the claims were sued on. The indictment was for a violation of a statute which provided in part as follows:

"Every person who shall corruptly promise, or give to any * * * judicial officer, * * * any gift, or gratuity whatever, with intent to influence his vote, opinion, decision, or judgment, on any matter, cause, or proceeding which may be then pending, or may by law come, or be brought before him, in his official capacity, shall be punished," etc.

It was there held that:

"To consummate the crime under this act, it must be shown that the cause or proceeding was pending before the officer at the time the gift or promise was made, or that the cause, or proceeding, was afterwards instituted before the officer, or so instituted that, in the ordinary mode of proceeding, the same would come before him."

The conviction was reversed on this ground, as well as several others. So far as this ground of decision is concerned, there was a strong dissent by Chilton, J. This authority was cited and disapproved in People v. Markham, 64 Cal. 157, 30 Pac. 620, 49 Am. Rep. 700, where a police officer was indicted for having received the sum of $15 upon an understanding that he would not arrest persons engaged in violating section 330 of the Penal Code of the state of California, nor persons engaged in violating the gaming ordinance of the city of San Jose. It was argued that the indictment did not set forth the crime of bribery, because it did not show any agreement as to specific persons who had committed or were about to commit crimes against the statute. This contention was rejected by that court, and it was broadly held that the receipt of money by the police officer for the purpose of corruptly influencing his general course of conduct as to arrests of persons who might thereafter violate the law constituted the crime of bribery.

In Commonwealth v. Lapham, 156 Mass. 480, 31 N. E. 638, a similar question arose under an indictment for attempted bribery of a milk inspector. The statute there involved made it criminal to corruptly give, offer, or promise a bribe to any executive, legislative, or judicial officer. It was held that it was not necessary in the indictment to aver a corrupt intention to influence the act of the officer in relation to any specific and particular matter then pending before him, or which was then expected to come before him. The court said:

"It is enough to aver a corrupt intention so to influence him in any matter which may then be pending, or which may by law come or be brought before him. If, for example, an executive, legislative, or judicial officer is bribed corruptly to favor a particular person in any and all matters affecting that person which may come before such officer, without specification or knowledge of the particular matters likely to come up, the statute is broad enough

to include such a case. A narrower construction of a similar statute has been adopted in Alabama, but we cannot follow it. Barefield v. State, 14 Ala. 603."

Thus it appears that the weight of authority outside this state is in favor of the sufficiency of the indictment at bar. Independently of authority, and as a matter of reason, the same result should follow. The statute is framed in comprehensive terms to meet a serious offense, which is so manifold in its varying forms that language of particularity could scarcely cover all the aspects in which it can present itself in the everyday affairs of men. From the dawn of civilized government, official corruption has been one of the most persistent dangers to which a body politic has been exposed. It is a vice of all governments, because it is a vice to the temptations of which most men are exposed. The plain object of the statute is to stamp it out and prevent its reappearance. No construction of this statute which would fail to cover a case of an agreement for a general course of corrupt conduct, even though it should not be followed by a single corrupt act, would be even tolerable. The corruption aimed at is not simply the doing of things which may be improper in themselves, but even the doing of proper things as the result of an improper agreement. The statute would be violated as much by an agreement for compensation from private parties to take special pains to decide, even properly, a matter coming before the officer, as it would by an agreement to decide it improperly. In other words, the statute reaches out as much against the influencing of the officer's judgment or decision as it does against the improper result of such influence. The offense is so subtle in its fruits that the law endeavors to lay the ax at its very roots.

We think the indictment at bar sets forth sufficiently the commission of the crime of bribery under the statute when fairly interpreted. The crime so charged was the corrupt agreement between Gotthelf and the defendant relative to the future conduct of the defendant in relation to all undertakings on bonds to be tendered by Gotthelf through the dummy, Arnstein, for the release of prisoners held to bail in the defendant's court. This agreement being proved, to sustain a conviction it would not have been necessary to prove any distinct criminal act following in pursuance of it, for a crime was committed by the making of the agreement itself. People v. Markham, ut supra; People v. Gibson, ut supra.

On this trial, however, the prosecution gave proofs tending to show that the defendant did actually carry this agreement into completion in the case of one Utall, who had been held for bail under a charge of abandoning his wife, and that the defendant had received his agreed portion of a fee of $50 which Utall paid Gotthelf for procuring the giving of an undertaking by Arnstein and its approval by the defendant. It is urged by the defendant that the admission of this evidence was grave error, as it tended to convict him of the crime of bribery in a specific instance not charged in the indictment. The general rule is that proof may be given against a defendant of the commission of an independent crime, provided it be relevant to the proof of the crime charged in the indictment. People v. Rogers, 192 N. Y. 331, 351, 85

N. E. 135. The test of relevancy is whether the proof offered tends legitimately to establish the issuable fact. The proof given as to the Utall transaction tended to support the charge set forth in the indictment; for, if believed by the jury, it showed acts of the defendant entirely harmonious with the charge of the indictment, and not easily intelligible otherwise. According to this proof, Utall paid Gotthelf $50 to procure a bond for his discharge. Gotthelf got Arnstein to come to his office and sign a bond, giving as security the real property described in the indictment and falsely describing in an affidavit form thereto attached the value of the property. Arnstein then went away, before actually acknowledging the bond or verifying the affidavit as to the sufficiency of the security. The defendant then appears at Gotthelf's office, and puts his signatures to the acknowledgment and to the jurat of the affidavit, notwithstanding Arnstein neither acknowledged nor swore to the instrument in his presence. Thereafter, as before indicated, he received his portion of the fee received from Utall, as the proof goes. The proof of these circumstances seems clearly relevant to the charge of the indictment.

It is urged, however, that, where there has been an actual receipt of a bribe, the agreement to receive the bribe and the subsequent receipt of the bribe itself become so merged as to constitute together one complete crime of bribery under the statute in question, and were not two distinct offenses; that is to say, if the defendant, after making the corrupt agreement charged in the indictment, actually carried it into effect and received its fruits, then there was but one crime, consisting of two elements, the bargain and the receipt, and it therefore became necessary to charge both elements of the one single crime in the indictment. In People v. Gibson, ut supra, the defendant was indictment for having received a bribe on a corrupt agreement whereby his official action was to be influenced. The defendant pleaded the statute of limitations in bar, because it appeared that the corrupt promise had been made at a time sufficient to set up the running of the statute. The money agreed to be delivered under the promise was not received until a time against which the statute had not run. It was held that the agreement and the receipt together constitute a single crime, and that, where the consummation of the crime is delayed by the nature of the corrupt agreement, the statute of limitations will not begin to run until after the consummation of the offense by payment of the money previously agreed upon. There, however, the question involved was not as to the sufficiency of the indictment, nor as to the admission of evidence in support of it. The defendant there was not indicted for a corrupt agreement for a general course of conduct, but for an agreement in relation to one specific act of official misconduct.

The fact that the indictment at bar did not charge the specific acts of the Utall transaction in no way violates any known rule of law, unless, perhaps, it be on the theory, urged by the appellant, that the failure to so charge these facts would deprive him of the right to plead the present indictment in bar, should he hereafter be indicted on the Utall transaction as an independent offense. While this point was not involved in People v. Gibson, ut supra, and therefore not de-

cided, yet the court squarely declared that it was its opinion that under this statute there could not be two separate convictions—one for the agreement for a bribe and one for the receipt of the bribe, as two independent offenses. This proposition of law seems so plain as to be beyond debate. If so, then the various contentions raised at the trial and on the argument of this appeal as to the form and sufficiency of the indictment require no further discussion. The record before us shows that the learned counsel for the defendant took very many exceptions at the trial as to the admission and exclusion of evidence and the charge of the court. These exceptions number many hundreds, and it is not to be expected that all, or even most of them, are to be discussed here in detail. The more important of them yet remaining to be discussed relate to the question of the corroboration of the testimony of the accomplice, Gotthelf, and the charge of the trial court on that point.

The defense submitted to the trial court 41 requests to charge, embodying the law on all the questions of the case as favorably to the defendant as can be well conceived. Practically all of these requests were charged in their very language. In a few instances, the trial court made some modifications in the language which in no way infringed upon any of the defendant's rights. The single request refused was refused properly, as its avowed purpose was to take from the jury the chief question upon which the jury was to pass. A reading of the various requests charged by the trial court, together with the main body of the charge itself, shows no error. The necessity of the corroboration of the testimony of the accomplice Gotthelf, by evidence apart from his own, was kept clearly before the mind of the jury. The requisites of such evidence as tending to connect the defendant with the commission of the crime charged were explained in harmony with the rules laid down by the Court of Appeals. As we can see no appearance of error on this point, no further discussion of it is needed. That there was corroborating evidence, which, if believed by the jury, did tend to connect the defendant in material ways with the commission of the offense charged, is too plain for debate. Our examination of this record, aided by the learned and resourceful arguments of counsel of great distinction and wide experience, discloses no ground for interference with the verdict of the jury on any questions of law.

As to the facts, the case is one of great pathos. To this pathetic aspect the jury was not insensible, for with its verdict went a prayer for mercy. The trial court showed itself also not insensible to the miserable situation of the defendant, for its sentence was framed in mercy and wisdom, large enough to satisfy the requirements of justice if the defendant were guilty as the jury declared him, yet not so severe as to shock the mind and undo the moral purpose of the administration of the law by provoking sympathy for the convicted prisoner. Neither is this court insensible to the fate of the prisoner; but, as he was fairly tried, after a skillful and resourceful defense by counsel of distinction and experience, and was convicted upon competent evidence by a jury guided carefully as to the law, the facts disclosed

in the record before us are not such as to justify any interference with the judgment of the trial court.

The judgment of conviction is affirmed. All concur, except RICH, J., who dissents on the ground of error in the admission of evidence respecting the Utall case.