253 So.2d 465 (1971)
Claude SMITH, Appellant,
v.
STATE of Florida, Appellee.
Nos. L-456 to L-458.
District Court of Appeal of Florida, First District.
October 19, 1971.
*466 Chester Bedell and Robert P. Smith, Jr., Jacksonville, for appellant.
Robert L. Shevin, Atty. Gen., and Raymond L. Marky, Asst. Atty. Gen., for appellee.
JOHNSON, Judge.
The appellant, Smith, was tried under five amended informations, which charged in substance that on certain dates in 1965 and 1966, Smith, while a member of the Jacksonville City Council did "corruptly request, solicit, and accept" for himself and others stated sums of money from Sidney Lewis, an employee of Florida Equipment Company of Jacksonville, "under an agreement and with an understanding" between appellant and Lewis to the effect that such money would influence the appellant's decision as a City Commissioner and would influence and induce appellant in the performance of his duties, to authorize and approve the purchase of certain mechanical equipment by the City from Florida Equipment Company of Jacksonville. The five cases were consolidated for trial and upon the trial the court entered a judgment of acquittal at the close of the State's case on one of the charges and the jury acquitted the appellant on another charge. The three cases in which the jury convicted the appellant were appealed to this court and consolidated in one appeal.
The testimony of Lewis, who is alleged to have been the giver of the bribes in question, whose testimony was given under immunity, was to the effect that on some unspecified date in the fall of 1962, Lewis approached the appellant and complained that his company, Florida Equipment Company, was not getting its fair share of the City's business.
Lewis also testified that the appellant offered to help Lewis in the future and also testified that the appellant advised said Lewis that funds to purchase the equipment had to be transferred from other accounts and "it has to be okayed by a committee" and that "they  whoever `they' are  said they would not transfer these funds to assist him (Smith) unless they were going to get something out of it."
Said Lewis further testified (T.R. 1033) "not Mr. Smith" said Lewis, "but whoever they are" "* * * they would like to have not less than possibly 5%, if possible, on any purchases that are made, or they will not transfer the funds to me."
The witness, Lewis, testified that the conversation between himself and the appellant took place the latter part of 1962 but that neither before that time nor since then has such a similar conversation taken place between the appellant and said witness Lewis.
In the informations upon which the appellant was convicted, it was alleged that the dates of the offense in Information #4912 (Case #L-456) was January 20, 1965, Information #4913 (Case #L-457) was June 2, 1965, and Information #4914 (Case #L-458) was June 8, 1966.
*467 Under Case No. L-456 (Information #4912) the Bill of Particulars specified that the particular equipment referred to in the information was a Model 164 Trojan loader. The evidence first showed that this particular equipment had been purchased by the City in an emergency condition created by Hurricane Dora for immediate delivery at a time when no comparable equipment was available for immediate delivery by other suppliers and this equipment was placed to work immediately on September 23, 1964.
It further shows that the appellant wrote a letter on October 12th, 1964 formally accepting the equipment, but pointed out the same would not be paid for until the 1965 budget. It further shows that without any further action on the part of the appellant, the City issued its check to Florida Equipment Company on January 18, 1965 in payment of said loader. There was no proof offered by the State that there was anything necessary to be done by the appellant to further authorize and approve the purchase of this loader.
In Case No. L-457 (Information #4913) the appellant was charged with accepting $1500.00 on June 2, 1965 from Lewis. The Bill of Particulars specified that the particular equipment referred to was a M-B Cruiser four-wheel street sweeper and that the appellant made a motion, which was approved by the City Commission to purchase said piece of equipment at its meeting on May 8, 1965, and that the purchase agreement was executed by the proper officials on that date. The equipment was delivered on May 17, 1965 and there was no further proof offered by the State of any act of authorization or approval for the purchase of said machine which the appellant took or was to take or could have taken on or after June 2, 1965, the date on which the appellant allegedly accepted the money as an inducement to authorize and approve the purchase of said machine.
In Case #L-458 (Information #4914), said appellant was charged of accepting $2600.00 on June 8, 1966 under an agreement with the witness Lewis that such money would "influence his action" and "would induce him" to authorize and approve the purchase of still other equipment from Florida Equipment Company. The Bill of Particulars in this case specifies the equipment referred to in the amended information as three (3) garbage trucks  Fords with loadmaster bodies. The evidence further shows that the City purchased this equipment following and as a result of a competitive bidding according to specifications. The testimony further shows that the Awards Committee of the City of Jacksonville of which the appellant was not a member, recommended that Florida Equipment Company's bid be accepted as the only bid complying with the specifications. The appellant's action with respect to this purchase was that he made the motion on February 2, 1966 at the Commissioner's meeting that the Awards Committee report be approved and that a purchase order be issued to Florida Equipment Company. No further evidence was introduced connecting the appellant with this transaction except the allegation that the witness Lewis paid the appellant the said $2600.00 on June 8, 1966.
The appellant has raised three points on this appeal as follows:
"1. Whether the State proved the charges as laid against appellant by the amended informations;
2. Whether the trial court's charge to the jury was so inaccurate, inapplicable and misleading as to require a new trial; and
3. Whether, because of erroneous rulings by the trial court respecting the voir dire examination of jurors, the order of proof and the interrogation of witnesses, and because of improper jury argument by the prosecutors, a new trial is required."
We will take the second point raised by appellant and summarily dispose of said point as being without merit.
*468 The point numbered one raised by the appellant raises considerable doubt and questions as to whether or not the appellant has been properly tried under the correct statute, (F.S. Section 838.012, F.S.A.) or whether he should have been tried under Section 838.06, Florida Statutes, F.S.A.
The two statutes in question are dealing with the same offenses, the offenses of bribery  acceptance of bribes by public officers, as provided in Section 838.012, and the taking of unauthorized compensation for performance or nonperformance of duties by public officers as provided in Florida Statutes Section 838.06, F.S.A.
Florida Statutes § 838.012, F.S.A. was enacted by the Legislature in 1955 as Chapter 29722. Section 2 of said act is as follows:
"Section 2. Accepting bribe.  Every public officer, agent, servant, or employee who, after his election, appointment or employment and either before or after he shall have been qualified or shall take his seat, corruptly requests, solicits or accepts for himself or another any commission, gift, gratuity, money, property or other valuable thing or a promise to pay or give any commission, gift, gratuity, money, property or other thing of value or to do any act beneficial to such public officer, agent, servant or employee or another, under an agreement or with an understanding between such public officer, agent, servant or employee and any other person to the effect that such commission, gift, gratuity, money, property, other thing of value or promise will influence the act, vote, opinion, decision, judgment or behavior of such public officer, agent, servant or employee on any matter, question, cause or proceeding which may be pending or may by law be brought before him in his public capacity or will influence his act or omission relating to any of his public duties or will cause or induce him to use or exert or procure the use or exertion of any influence upon or with any other public officer, agent, servant or employee in relation to any matter, question, cause or proceeding that may be pending or may by law be brought before such other public officer, agent, servant or employee, shall be guilty of the crime of accepting a bribe." (Emphasis supplied)
The other act in question is Section 838.06 being Chapter 61-268 passed in the 1961 Session, wherein we find, Section 1 as follows:
"Section 1. Section 838.06, Florida Statutes, is amended to read:
838.06  Unlawful for officers to accept unauthorized compensation for performance or nonperformance of duty. It is unlawful for any public officer, agent, servant or employee to request, solicit, exact or accept any reward, compensation, or other remuneration, other than those provided by law, from any person whatsoever for the past, present or future performance, nonperformance or violation of any act, rule or regulation that may be or may have been incumbent upon such public officer, agent, servant or employee to administer, respect, perform, execute or have executed; provided that nothing herein shall be construed so as to preclude a sheriff, deputy sheriff, constable, deputy constable, city marshal or policeman from accepting rewards or remuneration for services performed in apprehending any criminal."
The appellant distinguishes the two statutes both in his argument before the lower court as well as in his briefs filed in this court.
The amended information in Case No. L-456 alleges only: On January 20, 1965, Claude Smith "did then and there unlawfully and corruptly request, solicit and accept for himself and for divers, other persons, * * * gifts, gratuities, money and other valuable things, to wit: the sum of $2500.00 * * * from Sidney Lewis * * under an agreement and with an understanding between him, the said Claude Smith, * * * and the said Sidney Lewis *469 * * * to the effect that such gifts, gratuities, money or other valuable things, to wit: $2500.00 in money would influence the act, vote, opinion, decision, judgment and behavior of the said Claude Smith relating to one of the public duties of the said Claude Smith as Commissioner and member of the City Commission of the City of Jacksonville, on a matter, question, cause or proceeding which might be in or which might by law be brought before him in his proper capacity * * * and would influence the act relating to one of the public duties of him * * * to wit: the authorization and approval by the said Claude Smith * * * of the purchase by the City of Jacksonville * * * of mechanical equipment for said City of Jacksonville * * * and to wit: induce him, the said Claude Smith in his proper capacity and in the performance of his public duties, as aforesaid, to authorize and approve the purchase by the said City of Jacksonville as aforesaid of mechanical equipment * * * from the Florida Equipment Company of Jacksonville * * *"
The amended informations in the three cases use the exact language except as to the date of the alleged payoff and amounts.
The Bill of Particulars in each case requested the exact and specific date the alleged offense was committed. In this Bill of Particulars, the request was granted by the trial court with the condition "as known by the State within 10 days period." The State's response to the Bill of Particulars filed January 15, 1968, in replying to paragraph number one of said Motion for Bill of Particulars was that the "date is between January 20, 1965 and January 30, 1965, which period of time is within 10 days from the date alleged in the Information." The same was true of the other cases except as to date.
A minute scrutiny of the Statutes § 838.012 and § 838.06 as relating to the informations, as limited by the Bill of Particulars, convinces us that the testimony of the State's witness may have substantially proved the violation of F.S. 838.06, F.S.A., which has a broader scope in bribery than 838.012, but that the information charged the defendant under 838.012 as to an acceptance of a bribe to "influence" the act of the defendant, whereas, the proof shows that the "giving and taking" of the so called bribery took place at a time when there was nothing pending before the defendant to be done by him which could influence his vote. The Bill of Particulars said the receipt or paying of the money in question, in Case #1456 took place on January 20, 1965, whereas the equipment had actually been bought and put in use about September 1964, being about 4 months more than the 10 day limit set in the information. Therefore, inasmuch as the information did not allege the "promise to do", and the paying of the alleged money would not influence the action of Mr. Smith, then the charge laid in 838.012 could not apply to the particular set of facts, but only applies to § 838.06. Section 838.012, as enacted in 1955, is limited to the charges of accepting money or other things of value, which are prospective in scope of time; that money, etc. will influence the act, vote, opinion, decision, judgment or behavior of such public officer * * * in any matter, question, cause or proceeding which may be pending or may by law be brought before him in his public capacity or will influence his act or omission relating to any of his duties or will cause or induce him to use or exert or procure the use or exertion of any influence * * * with any public officer * * * in relation to any matter, question, cause or proceeding that may be pending or by law be brought before such public officer * * * (Emphasis supplied)
In the cases before us, the State, in every case, as shown by the Bill of Particulars, conclusively proved that the alleged act of bribery actually occurred after the alleged vote or proceeding had been acted upon  not before as the Statute of § 838.012 required. If the State had not strictly limited the Information by the fact that such Information was drawn, and so shown on the *470 face of the information, as "accepting bribe, in violation of Section 838.012, Florida Statutes [F.S.A.]", it is possible that the evidence adduced at trial would have been sufficient to sustain a conviction under the general statute as found in Section 838.06, enacted in 1961, which covered retroactive as well as prospective giving or receiving of the bribe.
In most states there is only one statute dealing with the subject of bribery of public officials, or the accepting or requesting of outside compensation for doing acts which the said public official is duty bound to act upon, but in Florida, in the wisdom of the Legislature, we have the two statutes  § 838.012 and § 838.06. The former, § 838.012, is more restricted in its application, which could have prompted the Legislature to enact the unrestricted statute § 838.06, under which it is much easier to get a conviction.
The Supreme Court of Florida has said in Penny v. State, 140 Fla. 155, 191 So. 190, 193 (1939):
"* * * the accused cannot be indicted for one offense and convicted and sentenced for another, even though the offenses are closely related and of the same general nature or character and punishable by the same grade of punishment."
While a bill of particulars is not part of the pleadings in a criminal case, and neither strengthens nor weakens the indictment or information, such bill of particulars may narrow the information or indictment as to the time within which acts alleged as constituting the offense may be proved.[1] In the cases before us, the trial court directed the State to furnish the defendant the exact and specific date the alleged offense was committed, on condition as known by the State within a 10 day period. Therefore, the Bill of Particulars in these cases each limited the offenses of bribery to the dates shown in the respective informations, whereas, the proof as shown by the State's evidence conclusively shows that at the time the money was paid by the State's witness, Lewis, there were no questions or acts or opinions pending before the defendant to be acted upon or influenced by him or his vote, which clearly takes proof out of the provisions of F.S. § 838.012, F.S.A.
The Supreme Court of Florida in Cooper v. City of Miami, 160 Fla. 656, 36 So.2d 195, 196 (1948), said:
"* * * It is equally well settled that an accused is entitled to have the charge lodged against him proved substantially as laid, and that he cannot be prosecuted for one offense and convicted and sentenced for another, even though the offenses are of the same general nature or character, or carry with them the same penalty. * * * "
In this case, the allegata of the informations and the probata from the evidence do not sustain the convictions, and the State having tried this case, using the testimony of its own witness from which the State cannot recede, there is nothing to warrant us in remanding for a new trial. Therefore, the defendant having successfully shown error, the judgments and sentences are hereby reversed and the defendant directed to be dismissed from custody and/or bond.
The third assignment of error has to do with the questioning by the State of prospective jurors as to whether or not said jurors would convict on the testimony of a person who has been granted immunity if the State proves this case beyond a reasonable doubt. (Emphasis supplied.)
The defendant objected to the question, and we think he was right on the law. Neither counsel for the State nor defendant should question prospective jurors as to the kind of verdict they would render under any given state of facts or circumstances, and the trial court should not permit such questioning. A juror may not be interrogated as to his attitude toward a particular witness who is expected to testify in the case, and especially when he knows in *471 advance that the prosecution has only the one primary witness to prove its case. We think the trial court should have sustained the objection to the question. We think it would have been proper for the question to have been put to the prospective juror as to whether or not such juror would follow the instructions of the court as to weight or credibility of the respective witnesses to be used. In the case sub judice, the State Attorney directed his question to said juror as to whether or not said juror would convict the defendant.
We think it is improper for the State Attorney, or for that matter the defense attorney, to propose a question which causes the juror to predecide his vote for a conviction or acquittal.
We do not think we need to spend any further time on this last question inasmuch as we are of the opinion that the answer to the first point raised in appellant's brief treated hereinabove is determinative in this case and, for the reasons therein stated, the judgment should be reversed and the appellant discharged from the charge made against him.
RAWLS, Acting C.J., and WIGGINTON, J., concur.
NOTES
[1] Smith v. State, 93 Fla. 238, 112 So. 70 (1927).