■ The People of the State of New York, Respondent, v. Ivan Marfisi, Appellant.— Judgment, Supreme Court, Bronx County, rendered December 9, 1970, after a jury trial, convicting defendant-appellant of bribe receiving (Penal Law, § 200.10), receiving reward for official misconduct (Penal Law, § 200.25), and receiving unlawful gratuities (Penal Law, § 200.35), and sentencing him to a conditional discharge on each count, unanimously modified on the law and the facts by dismissing the counts of receiving reward for official misconduct and receiving unlawful gratuities and, as so modified, the judgment is affirmed. The appellant, a police detective, was charged with soliciting and accepting a sum of money in exchange for guaranteeing an attorney that the complainant would not appear in court for prosecution of a charge against one of his clients. The convictions for violation of sections 200.25 and 200.35 are clearly inconsistent, the former having to do with accepting payment for official misconduct, the latter with accepting a gratuity or tip for performing that which it was his duty to perform, and the court should have directed the jury that if it found defendant guilty of one of those counts, it must necessarily acquit him of the other (CPL 300.40, subd. 5). Furthermore, the crime of bribe receiving embraces a violation of section 200.25 and separate penalties should not be imposed on each conviction. (*People* v. *Gibson,* 191 N. Y. 227; *People* v. *Furlong,* 140 App. Div. 179, affd. 201 N. Y. 511.) Since there is ample evidentiary support of the conviction of bribe receiving and the sentence on each count was a conditional discharge, we see no need for a new trial of the sections 200.25 and 200.35 counts. We have reviewed the other allegations of error and find them without merit. Concur — Nunez, J. P., Kupferman, Lane, Capozzoli and Macken, JJ.