PER CURIAM.
This appeal is from a judgment finding the defendant guilty of murder in the third degree and from the sentence entered thereon. We find that none of the points on appeal, when viewed in light of the record, presents reversible error and, therefore, we affirm the judgment and sentence.
The first point presented urges error upon a ruling of the trial court permitting the State to ask prospective jurors on voir dire examination whether they would be influenced into rendering a verdict not based on the evidence because of the fact that the State’s chief witness was a participant in the criminal transaction and had been granted immunity from prosecution for the crime with which the defendant was charged. As the basis for this point on appeal, the defendant relies upon the case of Smith v. State, 253 So.2d 465 (Fla. 1st DCA 1971), for reversal.
We are mindful of the holding in Smith that the trial court should sustain a defense objection where prospective jurors are asked whether they would convict the defendant on the testimony of a witness who has been granted immunity. The effect of the questions asked in Smith was to commit the prospective jurors to a certain verdict if they accepted the testimony of the State’s witness. It is clear that great caution must be exercised by the State on voir dire examination' of this nature, "but this does not mean that all such questions are prejudicial. The questions in the present case did not seek to impose a limitation on the function of the jury, but rather were reasonably aimed to discover bias or prejudice against the State. After a careful review of the voir dire examination of the jury, we find no prejudice to the defendant in receiving a fair trial.
The second point presented claims error as the result of a statement by the arresting officer that the defendant, when arrested for a traffic violation and given his Miranda warnings, did not provide any information about the killing which had taken place and which was then unknown to the officer. The testimony of the officer was that the defendant had been cooperative but simply did not mention anything about the shooting or about the wounded man, who was in the car, until the wounded man spoke to the officer and made known his need for immediate medical attention. The defendant later gave a statement to the officer admitting his presence at the scene of the shooting.
No question of the defendant’s Fifth Amendment rights is at issue, but rather we are simply presented with a circumstance of the case that the defendant, although already engaged in conversation with the arresting officer, neglected or declined to mention his companion’s need for medical attention as a result of a gun battle. This case does not fall within the rule that when a defendant declines to make a statement after having been given his Miranda warnings, the failure to make a statement is not relevant to the defendant’s guilt. See, e. g., Doyle v. Ohio, 426 U.S. 610, 617-618, 96 S.Ct. 2240, 49 L.Ed.2d 91, 97-98 (1976). Here the defendant made a statement about the charge for which he was arrested but failed to give the further *19 information that a shooting had occurred, under circumstances where an ordinary person would have been expected to speak. This circumstance was relevant to the defendant’s later statement in exoneration of himself, and had nothing to do with police interrogation.
The last point presented claims that the court should have granted the defendant’s motion for a judgment of acquittal at the close of all the evidence in the case. We hold that the trial judge correctly denied the motion because, when viewed in light of the rule stated in Everett v. State, 339 So.2d 704 (Fla. 3d DCA 1976), the evidence was sufficient to support a conviction.
Affirmed.