SCHWARTZ, Chief Judge.
Saad attempted to deliver $1,000 each to two police officers to secure the return of $20,700 in cash which had been taken from him in the course of an arrest. The trial judge granted a Fla.R.Crim.P. 3.190(c)(4) motion to dismiss the resulting bribery charges, Sec. 838.015, Fla.Stat. (1981), on the ground that the initial seizure had been unlawful and that he was therefore entitled to the money in any case. We summarily reverse. Even if arguendo the premise of an illegal taking were correct, it is obvious, hornbook law, that one is guilty of bribery if he corruptly pays or accepts unlawful compensation even for doing an act that the bribee is legally bound to accomplish. 11 C.J.S. Bribery § 2(e)(4) (1938); 12 Am.Jur.2d Bribery § 12 (1964). Thus in People v. Furlong, 140 A.D. 179, 184, 125 N.Y.S. 164, 168 (1910), aff’d, 201 N.Y. 511, 94 N.E. 1096 (1911), the court said:
The corruption aimed at is not simply the doing of things which may be improper in themselves, but even the doing of proper things as the result of an improper agreement. The statute would be violated as much by an agreement for compensation from private parties to take special pains to decide, even properly a matter coming before the officer, as it would by an agreement to decide it improperly. In other words, the statute reaches out as much against the influencing of the officer’s judgment or decision as it does against the improper result of such influence. The offense is so subtle in its fruits that the law endeavors to lay the ax at its very roots.
In our system at least, the end does not justify the means. The effectuation of Saad's intent to get his money by short-circuiting and subverting that system may, and must, be held accountable to the criminal law. See also, Trushin v. State, 384 So.2d 668 (Fla. 3d DCA 1980), aff’d, 425 So.2d 1126 (Fla.1982); State v. Napoli, 373 So.2d 933 (Fla. 4th DCA 1979).
Reversed.