PER CURIAM.
We reverse a nonfinal order of the trial court granting Lopez’s sworn motion to dismiss seven counts of bribery filed against him. The undisputed facts reveal that Lopez, a contractor engaged in building homes, met on seven occasions with Alexander Ramirez, an undercover Metro-Dade police officer posing as a Dade County building inspector. At each of these meetings, Ramirez conducted an inspection, at which time Lopez would give cash to Ramirez. The payments were in the amount of $40, except for a $100 payment “for Christmas” at a December meeting. When Ramirez queried Lopez regarding the objective of the payments, Lopez responded that he wanted timely inspections, prompt approvals, and a cooperative attitude in pointing out the need for corrections. Lopez assured Ramirez that he did not want substandard work approved. Indeed, Lopez’s buildings ultimately passed inspection based on their own merits.
Lopez was subsequently charged with seven violations of section 838.015(1), Florida Statutes (1985).[1] Lopez filed a sworn motion to dismiss the information pursuant to Florida Rule of Criminal Procedure 3.190(c)(4). Lopez’s sworn motion stated: “On several occasions, Mr. Lopez specifically told or expressed to Officer Ramirez that the payments were intended as gifts (and) should not influence any material aspects of Officer Ramirez’s job.” The state demurred to Lopez’s statement of the undisputed facts. The trial court granted Lopez’s motion.
In considering a Rule 3.190(c)(4) motion, the court must construe the facts in the light most favorable to the state. State v. Horton, 442 So.2d 408 (Fla. 2d DCA 1983); State v. McCray, 387 So.2d 559 (Fla. 2d DCA 1980). We agree with the state that the bribery statute prohibits any payment intended to influence the performance of any act by a public servant. The statute is violated even when a person pays for the doing of an act that the public servant is legally bound to do. State v. Saad, 429 So.2d 757 (Fla. 3d DCA 1983). Here, at the very least, Lopez intended to influence Ramirez’s work habits. He wanted Ramirez to cooperate by appearing promptly to inspect and, perhaps, to wait while a code violation was corrected instead of rejecting the job and reinspecting at a later date.
Lopez argues that the facts stated in his sworn motion negate any “corrupt” intent to influence Ramirez’s performance, and that the presence of such a specific intent is a prerequisite to a bribery prosecution.[2] Although Lopez is correct in his assertion that the statute requires a corrupt intent, the undisputed facts could sup *999 port a finding of such intent. Lopez’s sworn statement, that he “never made any demands or requests for specific, prospective, official conduct by Officer Ramirez,” is not dispositive of the question of his intent. Generally, intent is not an issue to be decided on a motion to dismiss. State v. Book, 519 So.2d 666 (Fla. 3d DCA 1988); State v. Stenza, 453 So.2d 169 (Fla. 2d DCA 1984); State v. Gaines, 431 So.2d 736 (Fla. 4th DCA 1983); State v. Fry, 422 So.2d 78 (Fla. 2d DCA 1982); State v. Shorette, 404 So.2d 816 (Fla. 2d DCA 1981). Moreover, Lopez’s contemplation of “timely, prompt and cooperative efforts” on Ramirez’s part is sufficient to satisfy the corrupt intent element of the bribery statute. As this court observed in Saad, “the statute reaches out as much against the influencing of ... judgment or decision as it does against the improper result of such influence. The offense is so subtle in its fruits that the law endeavors to lay the ax at its very roots.” Id. at 758 (quoting People v. Furlong, 140 A.D. 179, 184, 125 N.Y.S. 164, 168 (1910), aff'd, 201 N.Y. 511, 94 N.E. 1096 (1911)). Lopez at best envisioned that Ramirez would, as a consequence of the payments, adjust his work habits and schedule to conform to Lopez’s convenience. That subversion of a public servant’s duties is prohibited by the statute.
Lopez’s reliance upon State v. Hazellief, 148 So.2d 28 (Fla. 2d DCA 1962), is misplaced. The defendants in Hazellief were state employees charged under the bribery statutes with receiving payments “for the performance, non-performance or violation of any act, rule or regulation that might be incumbent” upon the defendants to perform. Id. at 29. The court observed that the type of activity described in the infor-mations was actually “payola” which the court defined as “the unsavory practice of making gifts to receptive representatives of powerful government agencies as a means of currying favor and enhancing prospects of economic or other advantages.” Id. at 32. Because the informa-tions described “payola” but were filed under the bribery statutes, the informations failed for vagueness. In the instant case, the informations clearly alleged that Lopez “corruptly gave” cash to Ramirez “with an intent or purpose to influence the performance of any act or omission” connected with the building inspections performed by Ramirez. Such conduct amounts to more than “payola.” Cf. Smith v. State, 253 So.2d 465 (Fla. 1st DCA 1971) (bribery conviction could not be sustained where at time money was paid to defendant-city council member no questions, acts, or opinions were pending before council for vote).
Lopez’s resort to federal law in support of his contention that Florida’s bribery statute requires a specific intent and a quid pro quo is also unavailing. The federal bribery statute provides in relevant part:
§ 201. Bribery of public officials and witnesses.
******
(b) Whoever—
(1) directly or indirectly, corruptly gives, offers or promises anything of value to any public official or person who has been selected to be a public official, or offers or promises any public official or any person who has been selected to be a public official to give anything of value to any other person or entity, with intent—
(A) to influence any official act; or
(B) to influence such public official or person who has been selected to be a public official to commit or aid in committing, or collude in, or allow, any fraud, or make opportunity for the commission of any fraud, on the United States; or
(C) to induce such public official or such person who has been selected to be a public official to do or omit to do any act in violation of the lawful duty of such official or person;
(2) being a public official or person selected to be a public official, directly or indirectly, corruptly demands, seeks, receives, accepts, or agrees to receive or accept anything of value personally or for any other person or entity, in return for:
(A) being influenced in the performance of any official act;
(B) being influenced to commit or aid in committing, or to collude in, or allow, *1000 any fraud, or make opportunity for the commission of any fraud, on the United States; or
(C) being induced to do or omit to do any act in violation of the official duty of such official or person;
# * * # # #
shall be fined not more than three times the monetary equivalent of the thing of value, or imprisoned for not more than fifteen years, or both, and may be disqualified from holding any office of hon- or, trust, or profit under the United States.
18 U.S.C.A. § 201(b) (Supp.1987).
Comparison of the federal statute with its Florida counterpart reveals that the former is worded more specifically than the latter. The federal bribery statute “imports the notion of some more or less specific quid pro quo for which the gift or contribution is offered or accepted.” United States v. Arthur, 544 F.2d 730, 734 (4th Cir.1976). Lopez contends that without the existence of a quid pro quo he has engaged in mere “payola” and not in bribery. Lopez’s position, however, is unsupported by the plain language of the Florida bribery statute and by our decision in Saad.
Accordingly, the order under review is reversed, and the case is remanded for further proceedings.

. The statute reads in relevant part: 838.015 Bribery.—
(1) "Bribery” means corruptly to give, offer, or promise to any public servant, or, if a public servant, corruptly to request, solicit, accept, or agree to accept for himself or another, any pecuniary or other benefit with an intent or purpose to influence the performance of any act or omission which the person believes to be, or the public servant represents as being, within the official discretion of a public servant, in violation of a public duty, or in performance of a public duty.
§ 838.015(1), Fla.Stat. (1985).

. The statute defines "corruptly” as follows:
838.014 Definitions. — For the purposes of this chapter, unless a different meaning plainly is required:
[[Image here]]
(6) "Corruptly” means done with a wrongful intent and for the purpose of obtaining or compensating or receiving compensation for any benefit resulting from some act or omission of a public servant which is inconsistent with the proper performance of his public duties.
§ 834.014(6), Fla.Stat. (1985).